UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIPPLE AAA ASSOCIATION FOR CHILDREN WITH DEVELOPMENTAL DISABILITIES suing on behalf of Robert Arron McKissick, Aida Esteta Bartosh and Anna Marie Wiggins; ROBERT ARRON MCKISSICK, a minor; AIDA ESTETA BARTOSH; and ANNA MARIE WIGGINS,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>WALDO CLARK; GEORGE F. CLARK; ORAM'S AUTO ELECTRIC; JAWDAT MANSOUR; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　　Defendants. | Civil No.   06cv0744-IEG (CAB)<br><br>**ORDER FOLLOWING 11-29 OSC AND RECOMMENDING ENFORCEMENT OF SETTLEMENT AND DISMISSAL OF CASE WITH PREJUDICE** |

On November 29, 2007, the Court held a hearing on its Order to Show Cause ("OSC") why sanctions should not be imposed against defendants and their counsel for failure to execute settlement documents and submit a joint dismissal of this action as ordered by this Court. Defendant George F. Clark appeared with his counsel David W. Peters, Esq. Theodore A. Pinnock, Esq., appeared for plaintiffs. Having considered the submissions of the parties, the arguments of counsel and the statement of Mr. Clark, this Court recommends that the District Judge enforce the terms of the settlement and dismiss this case with prejudice.

Background

The complaint in this matter, filed on April 4, 2006, alleged violations of the Americans with Disabilities Act. Pursuant to the Court's August 16, 2007 Scheduling Order [Doc. No. 17] a Mandatory

Settlement Conference ("MSC") was held on August 31, 2007.  The Order required the presence of counsel and party representatives with "full and unlimited authority to negotiate and enter into binding settlements."  Mr. Peters appeared for defendants with Wally Clark, defendant George Clark's nephew, as the representative of the defendants.  Mr. Pinnock appeared for plaintiffs without his clients.

The case settled at the August 31, 2007 conference.  Mr. Pinnock represented that, in light of the modifications made at defendants' premises, his clients gave him full authority to settle the case for $0 in damages, each side bearing its own fees and costs, and to enter a dismissal with prejudice.  Wally Clark, as the representative of defendants, and in the presence of defendants' counsel (Mr. Peters), agreed to those terms.  Defendants did not raise the issue of the non-appearance of the individual plaintiffs. No additional terms or conditions were requested.  The Court entered a notice of settlement and set a Settlement Disposition Conference for September 21, 2007.

At the defendants' request the Settlement Disposition Conference was reset twice.  On November 2, 2007, the Court held a telephonic conference to determine why the settlement and dismissal had not yet been executed.  Mr. Peters represented that his client, George Clark, would not execute the settlement unless the plaintiffs appeared before a notary or appeared in court and put the settlement on the record in person.  Mr. Pinnock represented that his clients were prepared to sign the settlement agreement, but the requirement of personal appearance or a notarized signature had not been a term of the settlement and they refused to comply with this additional term.  This Court agreed.

It was not a term of the settlement that plaintiffs provide notarized signatures or make a personal appearance to put the settlement on the record.  The defendant's demand that such provisions be met was not part of the negotiated settlement.   Finding no justification for the delay in execution of the settlement documents and entry of dismissal, the Court instructed the parties that settlement documents signed by the parties was all that was required, that such documents should be exchanged no later than November 7, 2007, and that a joint motion for dismissal with prejudice should be filed no later than November 9, 2007.  If this was not done, then the Court would issue an OSC why sanctions should not be imposed.

/ / / / /

/ / / / /

<u>The OSC</u>

The dismissal was not filed by November 9, 2007, and Mr. Peters informed the Court that Mr. Clark still insisted upon the notarized signatures or personal appearance of each named plaintiff before he would sign. The November 29, 2007 OSC therefore issued. Defendants' counsel was ordered to submit a declaration, no later than November 21, 2007, explaining why the defendants failed to comply with the Court's order.

Mr. Peters failed to submit his declaration timely; however it was received in the chambers of Magistrate Judge Bencivengo on November 28, 2007. In summary, Mr. Peters declared that his client still required the appearance or notarized signatures of the plaintiffs as a term of the settlement. The defendants' justification for this requirement was the failure of the plaintiffs to personally appear at the MSC on August 31, 2007, and also involved a list of unrelated ADA cases filed by Mr. Pinnock and Tripple AAA Association, which cases Mr. Peters described as suspicious.

At the OSC hearing, however, defendant George Clark informed the court that he was not authorizing the terms of the August 31, 2007 settlement. He expressed his dissatisfaction with the resolution of the lawsuit and indicated he wanted to prove the plaintiffs had no claim and to proceed with litigation. Despite the statements of his client, Mr. Peters still contended at the hearing that the matter was settled and it was simply a matter of the plaintiffs appearing to execute the settlement.

<u>Conclusion and Recommendation</u>

Courts have inherent power to enforce settlements between the parties in pending cases. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *TNT Marketing, Inc. V. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986). *See also Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 489-490 (7th Cir. 2002) (magistrate judge's recollection of terms of oral settlement sufficient for enforcement).

At the August 31, 2007 MSC, Mr. Peters appeared with Wally Clark as the authorized representative of the defendants in this matter. Mr. Pinnock appeared without his clients, but with their authorization to settle this case. The case settled without the plaintiffs' presence, so the Court did not find it necessary to impose any sanction on plaintiffs for their non-appearance, nor did the defendants raise the matter of the plaintiffs' non-appearance at that time.

The plaintiffs provided defendants with a fully executed settlement document pursuant to the terms agreed upon at the MSC and pursuant to this Court's November 2, 2007 Order . The plaintiffs met their obligations and have the right to expect the defendants to comply with their obligations entered into at the MSC. The Court acknowledges George Clark's frustration with this lawsuit in general, however, Mr. Clark's representative agreed to the settlement and the undersigned finds no justification for the defendants' failure to proceed with the settlement or to impose additional terms on these plaintiffs. This Court, therefore, recommends that the District Judge enforce the terms of the settlement by entering a dismissal of this case with prejudice.

DATED:  December 4, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge